UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KIR MOORMAN,

    Plaintiff,

    v.

RISNER and JACOBS,

    Defendants.

CAUSE NO.: 3:24-CV-245-TLS-JEM

**OPINION AND ORDER**

Kir Moorman, a prisoner without a lawyer, filed a complaint, alleging Correctional Officer Risner and Nurse Jacobs provided constitutionally inadequate medical care after he had a seizure at Westville Correctional Facility on March 16, 2024. ECF No. 1. He submitted this complaint for filing just a few hours later. *Id.* at 5. Because it is obvious on the face of the complaint that Moorman filed this lawsuit before he exhausted his administrative remedies, this case must be dismissed as legally frivolous. *See* 28 U.S.C. § 1915A (instructing courts to review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

In the complaint, Moorman describes how he had a severe seizure and injured himself when he fell to the concrete floor around 3:00–4:00 pm on March 16, 2024. When Correctional Officer Risner came by for headcount, he did not obtain immediate medical attention for Moorman. Instead, he returned an hour later, saying that he had told Nurse Jacobs about his condition, but she did not call a doctor or come examine him because she was about to leave.

Instead, she said she sent the doctor an email. Moorman attests that he then placed this complaint in the prison mail system that night at 11:30 pm.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (cleaned up). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 219 (2007) (cleaned up); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

Moorman says that he filed a grievance but his "grievance process of exhausting remedies was deliberately sabotaged by never receiving a response." ECF No. 1 at 4. The grievance process can become "unavailable" if prison officials do not respond to a properly filed grievance. *See Dole*, 438 F.3d at 809. But the Offender Grievance Process allows the grievance specialist ten business days to acknowledge receipt of the grievance, then fifteen business days after that to respond to the merits of the grievance. *See* Ind. Dep't of Corr. Policy & Admin. Proc., *Offender Grievance Process*, No. 00-02-301 (eff. Sept. 1, 2020), at p. 9-10, available at https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process. A response to a grievance filed on March 16, 2024, was not even due when

2

he filed this case; Moorman's administrative remedies could not have been unavailable when he filed this lawsuit.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here shows that Moorman did not exhaust his administrative remedies before he filed suit, and therefore this case must be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous to sue before exhausting administrative remedies.

SO ORDERED on April 1, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT